83,105-01

MOTION DENIED
DATE: 4-24-15
BY: PC

Jerome Overstreet
TDCJ#1599743
3001 S. Emily Dr.
Beeville, TX 78102

Louise Pearson
Clerk of the Court
Texas Court of Criminal Appeals
P.O.Box 12308 Capitol Station
Austin, Tx 78711

April 16, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015

Abel Acosta, Clerk

Re: Motion to Court

Dear Ms. Pearson,

Enclosed is:

Motion for Leave to File Applicant's Motion to Obtain Undeniable Proof of Actual Innocence,

Order for Leave to File

Applicant's Motion to Obtain Undeniable Proof of Actual Innocence

Order

Application for Subpoena

Please file this with the Court, and notify me with the enclosed self-addressed stamped envelope.

Thank you very much for your attention to this matter.

Sincerely,

Jerome Overstreet

IN THE

TEXAS COURT OF

CRIMINAL APPEALS

No. C-213-009750-1092061-A

EX PARTE

JEROME OVERSTREET

<u>MOTION FOR LEAVE TO FILE</u>

<u>APPLICANT'S MOTION TO OBTAIN</u>

<u>UNDENIABLE PROOF OF ACTUAL INNOCENCE</u>

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

Comes now Jerome Overstreet, Applicant in this pending Application of Writ of Habeas Corpus, pursuant to Texas Rules of Appellate Procedure 72.1, and moves to obtain proof of actual innocence in the above cited cause. Applicant gives the following reasons for requesting this leave:

I.

Applicant is actually innocent of the crime charged and if granted the evidence he has sought for so long, Applicant will prove beyond a reasonable doubt that he is innocent of any wrongdoing; so help me God.

II.

Applicant is so certain that this Court will be convinced of his innocence, that Applicant is willing to forego any and all other claims made in his writ. Applicant will prove to this Court beyond a reasonable doubt that he is innocent by any standard of review. As God is my witness, Applicant does not make this Faustian bargain lightly.

III.

Applicant has sought this evidence of his innocence for many years and every attempt that Applicant has made to obtain this evidence has been

thwarted by personal and officials of Tarrant County.

IV.

Applicant now stands at the mercy of this Court and demands justice; so help me God.

Respectfully submitted,

*Jerome Overstreet* 4-16-15
Jerome Overstreet,
Applicant, Pro se
TDCJ#1599743
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx 78102

IN THE

TEXAS COURT OF

CRIMINAL APPEALS

No. C-213-009750-1092061-A

EX PARTE

JEROME OVERSTREET

ORDER FOR LEAVE TO FILE

This Court hereby GRANTS Motion for Leave to File Applicant's Motion to Obtain Undeniable Proof of Innocence in this cause.


SINGED AND ENTERED this _____ day of _____, 2014.


_____
Judge Presiding

IN THE

TEXAS COURT OF

CRIMINAL APPEALS

No. C-213-009750-1092061-A

EX PARTE

JEROME OVERSTREET

APPLICANT'S MOTION TO OBTAIN

UNDENIABLE PROOF OF ACTUAL INNOCENCE

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

Comes Jerome Overstreet, Applicant, in this pending Application of Writ of Habeas Corpus, moves to obtain proof of actual innocence in the above cited cause and prays the Court will grant his Applicant's Motion to Obtain Undeniable Proof of Actual Innocence. Applicant will show the following in support:

I.

Critical evidence, that is undeniable proof of actual innocence in this Habeas Corpus proceeding remains to be discovered; namely, a **complete** copy of the At&t cellphone record of the victim, Vikky Overstreet, Applicant's wife, account number 457560559, phone number 316-204-2044, for the period of Nov. 2007. This cellphone record corroborates Applicant's cellphone record, and proves that the victim was alive and using her cellphone when Applicant had already returned home to Wichita, Kansas.

II.

Applicant maintains that his own cellphone record (State Exhibit 74) is prima facie evidence that he is innocent. Applicant's cellphone record was presented at trial and proves that Applicant had already returned to Wichita, Kansas, when he received two phone calls from his wife, who was still in Tarrant County, Texas. Incredibly, everyone at trial was too addle to check

the phone numbers of the people that had called Applicant to realize that the victim, Vikky Overstreet, Applicant's wife, had called Applicant, not once, but twice on Saturday, Nov. 10, when State's theory requires she be dead. Because, Applicant could not have been in both places at the same time, Applicant could not have killed his wife, and it is also unlikely that the victim would use her cellphone after her death.

### III.

Vikky Overstreet was found dead in her Tarrant County apartment on Monday, Nov. 12, 2007 with her cellphone (No. 316-204-2044) only a few feet from her body. V3,p75. The GPS cell tower locations from the Applicant's cell phone record prove that Applicant left Tarrant County Friday night, Nov. 9, 2007 and was in Wichita, Kansas by Saturday morning, Nov. 10, 2007. Applicant's cellphone record shows that he remained in Kansas until Monday, Nov. 12th when the victim's body was discovered. Applicant's cellphone record also shows that Applicant received two phone calls (8:38am & 1:30pm) from his wife, Vikky Overstreet (the victim) on Saturday morning from her 316-204-2044 cellphone after he had returned to Kansas.

A **complete** copy of the record for Vikky Overstreet's 316-204-2044 cellphone has **never** been obtained.

### IV.

State prosecutor, Alan Levy, subpoenaed a copy of Vikky's 316-204-2044 cellphone record prior to trial, but obtained only a truncated copy of the phone record, which was truncated at 5:00pm, Friday, Nov. 9, 2007 and does not reflect the two calls made to Applicant on Saturday morning. Review of the State's facsimile request to At&t shows that the State requested that the record **not** include any information after Friday, Nov. 9th. Because requesting a partial record is quite unusual, it suggests that Mr. Levy had knowledge of

the information contained in that record, and that Mr. Levy knew of Applicant's innocence prior to trial.

Trial defense attorney, Steven G. King, also subpoenaed a copy of Vikky's 316-204-2044 cellphone record prior to trial. The subpoena was issued and signed by Deputy Ceasar Rodriguez, but there is no "return" information, thus indicating that the subpoena was never properly served.

## V.

Applicant submitted a motion for subpoena duce tecum with the filing of his habeas corpus with the trial court, 213th District court of Texas, to obtain Vikky Overstreet's 316-204-2044 cellphone record for the entire month of November 2007. The trial court did not rule on the motion and did not issue subpoena duces tecum.

Applicant sent a copy of the issued subpoena that was not served to At&t in an attempt to obtain those records. However, At&t would not honor the out of date subpoena.

Applicant filed a supplemental brief reiterating the subpoena, however again the trial court did not rule on the motion or issue the subpoena. Applicant then requested the court clerk place the motion for subpoena duce tecum on the docket for disposition by the trial court and provided the court clerk with a self addressed stamped envelope with which the clerk could send Applicant a copy of the updated docket. Applicant waited over 60 days, however the clerk did not respond.

Applicant then submitted an application for Subpoena to the District Clerk, for her to issue subpoena to obtain Vikky's cellphone record. The District Clerk filed the application on Oct. 29, 2014, however, again the subpoena was not issued.

Ironically, deputy district attorney Patricia Hatley also filed the

State's Proposed Memorandum, Findings of Fact and Conclusions of Law with the trial court on Oct. 29, 2014, recommending that relief be denied.

VI.

Applicant then filed Writ or Mandamus with the Court of Appeals, Second District of Texas, against the trial court to compel them to rule on the Motion for Subpoena Duces Tecum or to issue the Application for Subpoena. The Court of Appeals informed Applicant that they were not in receipt of either the filing fee or an In Forma Pauperis documentation, when the In Forma Pauperis documents had been sent by the Law Library of the McConnell Unit, and the Court of Appeals returned the Mandamus package. Applicant resubmitted the Mandamus package, and on April 2, 2015, the court denied relief, with a one page Memorandum that had two sentences. Ironically, the trial court had adopted the State's Memorandum, Findings of Fact and Conclusion of Law on April 1, 2015 (April Fools), just the day before.

VII.

Applicant moves that Applicant's Motion to Obatin Undeniable Proof of Actual Innocence be granted by this Court, and that a complete and accurate copy of Vikky Overstreet's 316-204-2044 cellphone record be obtained from At&t. To this ends, Applicant has attached an Application for Subpoena.

Vikky's cellphone record will show that she was alive and using her phone to call many other people other than Applicant. Vikky's cellphone record is essential for this court to properly determine Applicant's habeas corpus application.

Because a miscarriage of justice has occurred in this case causing a citizen who is actually innocent of the crime to be incarcerated, justice demands that he be given every consideration, and that vital exculpatory evidence be obtained that unquestioningly establishes his innocence. To the

ends of justice, a proper and just ruling cannot be made without this crucial evidence.

## PRAYER

If Applicant seems to be flippant, he apologizes. Applicant is in fact quite livid and irate at the treatment he has received from the officials in Tarrant County. That the district attorney, the trial court judge, Applicant's own trial attorney and the members of the Second Court of Appeals would be so caviler in issues of justice is quite incredible. Applicant looks forward to seeing this Honorable Court correct this injustice.

WHEREFORE, PREMISES CONSIDERED, Applicant, Jerome Overstreet, prays this Court will grant this Applicant's Motion to Obtain Undeniable Proof of Actual Innocence to resolve the above stated issue.

Respectfully submitted,

*Jerome Overstreet* 4-16-15
Jerome Overstreet,
Applicant, Pro se
TDCJ#1599743
McConnell Unit
3001 S. Emily Dr.
Beeville, Tx 78102

## CERTIFICATE OF SERVICE

I, Jerome Overstreet, Applicant do hereby certify that a true and correct copy of the foregoing document was mailed to Respondent, the District Attorney of Tarrant County, Patricia Hatley, 401 W. Belknap, Ft. Worth, Texas 75196 on this day 16th day of April, 2015.

*Jerome Overstreet* 4-16-15

IN THE

TEXAS COURT OF

CRIMINAL APPEALS

No. C-213-009750-1092061-A

EX PARTE

JEROME OVERSTREET

ORDER

This Court hereby GRANTS Applicant's Motion to Obtain Undeniable Proof of Innocence and stays the proceedings of this cause until such time that a complete copy of the victim, Vikky Overstreet's cellphone record (phone# 316-204-2044, acct.# 457560559) for the month of November 2007 can be obtained.

SINGED AND ENTERED this _____ day of _____, 2014.

_____
Judge Presiding

IN THE

TEXAS COURT OF

CRIMINAL APPEALS

No. C-213-009750-1092061-A

EX PARTE

JEROME OVERSTREET

APPLICATION FOR SUBPOENA

TO THE CLERK OF THE TEXAS COURT OF CRIMINAL APPEALS:

You will please issue subpoena in accordance with law in the above numbered and entitled cause for the following named witnesses, whose testimony is material to the State or the defense.

NAME OF WITNESS  VOCATION, ADDRESS AND TELEPHONE NUMBER     COUNTY

CUSTODIAN OF RECORDS, At&t National Compliance Center, Attn: Appearance Coordinator.  Per your request, this subpoena will be faxed to 888-938-4717 with a copy of all records of Vikky Overstreet, account #: 457560559, Phone #: 316-204-2044 for the month of November 2007.

THIS WITNESS IS TO PROVIDE THE REQUESTED RECORD TO THE TEXAS COURT OF CRIMINAL APPEALS, AUSTIN, TEXAS WITHIN ¢) DAYS OF RECEIPT OF SERVICE.

_____

Issued _____ day of _____, 2015 by _____
Signature of person serving subpoena if other than officer of the State.